IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 15, 2002 Session

## STATE OF TENNESSEE v. MICHAEL W. COOPER

**Appeal from the Criminal Court for Davidson County**
**No. 2000-B-655     Cheryl Blackburn, Judge**

---

**No. M2001-00440-CCA-R3-CD - Filed March 6, 2002**

---

The Defendant, Michael W. Cooper, pled guilty to one count of aggravated burglary and one count of aggravated assault. His plea agreement provided that he would be sentenced as a Range II offender; however, the length and manner of service of his sentences were left for the trial court's determination. After a hearing, the trial court sentenced the Defendant to nine years incarceration for each offense, to be served consecutively. The Defendant now appeals, contending that the trial court misapplied an enhancement factor; that the trial court erred in sentencing him to equivalent terms for each offense in spite of finding fewer enhancement factors applicable to the aggravated assault; and that the trial court erred in ordering his sentences to run consecutively. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Zack Griffith, Nashville, Tennessee, for the appellant, Michael Cooper.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The facts adduced at the sentencing hearing established that the Defendant arrived at the victims' home at approximately eleven o'clock p.m. in a car driven by Michael E. Garrett. Garrett had told the Defendant that the victims had drugs. The Defendant went to the door of the residence wearing a mask and carrying a gun. Hearing a noise at the door, Christy Keith sent Jeffrey Keith to investigate. Jeffrey opened the door and beheld the Defendant standing there. The Defendant stated, "I'm coming in," and a struggle ensued, during which the Defendant's gun fired. The noise awoke Christy's eight-year-old daughter, who was also in the residence. The Defendant put his gun in

Jeffrey's stomach and threatened to shoot him. Eventually Jeffrey subdued the Defendant and the Defendant stated that, if let go, he would leave. Jeffrey released the Defendant and he left, returning to the car in which he arrived. A high speed chase by the police ensued, with the Defendant and Garrett eventually being apprehended. Both victims testified that they had never before seen the Defendant, and Christy further testified that they had never sold drugs.

The Defendant testified that he had "always been a pot smoker" and that, several months before this incident, began using cocaine. Due to his cocaine usage, he owed some people some money, and feared for his life as a result. He stated that he went to the victims' residence intending to recover drugs and/or money.

The trial court applied four enhancement factors to both offenses:
> (a) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
>
> (b) The defendant was a leader in the commission of an offense involving two (2) or more criminal actors;
>
> (c) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; [and]
>
> (d) The defendant had no hesitation about committing a crime when the risk to human life was high.

Tenn. Code Ann. § 40-35-114(1), (2), (8), (10). With respect to the aggravated burglary conviction, the trial court also applied as an enhancement factor that the Defendant employed a firearm during the commission of the offense. See id. § 40-35-114(9). The court found as a mitigating factor that the Defendant pled guilty, but gave this factor no weight because the Defendant failed to appear for his initial sentencing hearing.

The Defendant initially contends that the trial court erred in finding that he was a leader in the commission of the offenses. He argues that the proof demonstrated that the driver of the car, Garrett, knew nothing about the Defendant's intent to burglarize the victims' home, and did not see or know that the Defendant had the mask and gun. The Defendant testified at his sentencing hearing that Garrett "was basically just a ride."

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing

principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

We first note that the facts to establish an enhancement factor need be proven by only a preponderance of the evidence. See State v. Winfield, 23 S.W.3d 279, 283 (Tenn. 2000). Moreover, a finding that a defendant was a leader in the commission of an offense may be made irrespective of whether another alleged perpetrator is convicted, acquitted, or even charged with the offense. See State v. James Hill, Jr., No. W2000-02194-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 566, *10 (Jackson, July 20, 2001). Rather, the State need prove only that the offense involved two or more criminal actors, and that the Defendant was a leader in the commission of the offense. See Tenn. Code Ann. § 40-35-114(2).

Here, the Defendant testified that Garrett told him that there were drugs at the residence. Garrett then drove the Defendant to the residence, waited while the Defendant was inside, and then drove the Defendant away, engaging in a high speed chase as the police sought to pull the vehicle over. Clearly, Garrett knew that the Defendant went to the residence for an illegal purpose, and the proof supports an inference that the Defendant told Garrett to take him there and wait for him. In sum, we think the State met its burden of proving the applicability of this factor, and that the trial court did not err in relying upon it in sentencing the Defendant. This issue is without merit.

The Defendant next challenges the length of his aggravated assault sentence, arguing that because fewer enhancement factors apply to that offense, the sentence should be less than, rather than equal to, the sentence he received for his aggravated burglary conviction. While defense counsel argued this point very persuasively during oral argument, we decline to reduce the Defendant's aggravated assault sentence on this basis.

Both the Defendant's aggravated assault and aggravated burglary convictions are Class C felonies. See Tenn. Code Ann. §§ 39-13-102(d); 39-14-403(b). The presumptive sentence for a Class C felony is the minimum in the relevant range, increased by applicable enhancement factors, and decreased by applicable mitigating factors. See id. § 40-35-210(c), (e). A Range II sentence for a Class C felony is six to ten years. See id. § 40-35-112(b)(3). Thus, the trial court enhanced each of the Defendant's sentences from the minimum of six years to nine years, one year short of the maximum.

As this Court has previously recognized, a defendant's sentence "is not determined by the mathematical process of adding the sum total of enhancing factors present then subtracting from this figure the mitigating factors present for a net number of years." State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). Rather, the weight to be afforded applicable enhancement factors is left to the sound discretion of the trial court. Id. Here, the trial court weighed the Defendant's prior criminal history the most heavily. That enhancement factor applied equally to both convictions. While we appreciate the Defendant's objection to the apparent inconsistency between his two sentences, we reiterate that the sentencing decision is not a purely mathematical one. The trial judge complied with the purposes and principles of the Sentencing Act and we see no abuse of discretion in her sentencing determination. Accordingly, the Defendant is entitled to no relief on this issue.

Finally, the Defendant contends that the trial court erred in ordering his sentences to run consecutively. The trial court based this decision on a finding that the Defendant "is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2). The record supports this finding. The Defendant's prior record includes multiple burglary convictions as well as various drug convictions, an assault conviction, and at least one weapons conviction. Although many of these convictions are misdemeanors and/or were committed a number of years ago, we find unpersuasive the Defendant's argument that his record is therefore insufficient to render him eligible for consecutive sentences. The Defendant's record meets one of the criteria determined by our legislature to be appropriate for the imposition of consecutive sentences. Moreover, the effective eighteen year sentence is "justly deserved in relation to the seriousness of the offense," Tenn. Code. Ann. § 40-35-102(1), and is "no greater than that deserved for the offense[s] committed." Id. § 40-35-103(2). See also State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999). This Defendant forcibly entered the home of a couple and their young child, late at night, wearing a mask and carrying a gun. He threatened to shoot one of the victims, and did, in fact, fire his gun. Home invasions of this sort are extremely serious crimes and deserve appropriate sentences. Accordingly, we find no error in the trial court's imposition of consecutive sentences, and this issue is therefore without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE